JRS:AMR
F. #2020R00767

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*   NOVEMBER 9, 2023   *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

DANNY MIZRAHI,
   also known as "Dany Mizrahi"
   and "Beznick Shehu,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 23-CR-461
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(8),
924(d)(1), 981(a)(1)(C), 1028A(a)(1),
1028A(b), 1028A(c)(5), 1343, 2 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

**Judge Eric N. Vitaliano**
**Magistrate Judge Vera M. Scanlon**

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   The Defendant

      1.    The defendant DANNY MIZRAHI, also known as "Dany Mizrahi" and "Beznick Shehu," was a resident of Edgewater, New Jersey.

II.   The Fraudulent Scheme

      2.    In or about and between February 2019 and August 2022, the defendant DANNY MIZRAHI carried out a scheme to defraud individuals he met and befriended. As part of the scheme, MIZRAHI provided false information reflecting his own purported wealth. MIZRAHI then persuaded his victims to give him money or their credit card information on false pretenses, including that MIZRAHI would help them buy luxury goods at a discount or that MIZRAHI would pay them back for charges that MIZRAHI made on their credit cards. MIZRAHI did not provide the luxury goods that he represented he would provide, did not pay

back the money he received, and, once in possession of these individuals' credit card information, made tens of thousands of dollars of charges for his own benefit.

3. For example, in or about and between October 2021 and August 2022, as part of the fraudulent scheme described above, the defendant DANNY MIZRAHI befriended John Doe, an individual whose identity is known to the Grand Jury, and, among other things, showed John Doe what appeared to be a cryptocurrency portfolio belonging to MIZRAHI containing approximately five million dollars. MIZRAHI also told John Doe that he could put John Doe in touch with a watch dealer who would give John Doe a discount on luxury watches. As a result, in or about December 2021, in order to buy watches, John Doe provided John Doe's credit card information to MIZRAHI and a person purporting to be a watch dealer.

4. After John Doe provided the credit card information, the defendant DANNY MIZRAHI made over $300,000 worth of unauthorized charges on John Doe's credit card, including a purchase of jewelry at a Cartier store in New York, New York for approximately $40,000 in or about July 2022 and a reservation at a luxury hotel in Bridgehampton, New York (the "Hotel") for approximately $16,000 in or about August 2022. MIZRAHI never provided John Doe with any watches or repaid John Doe for the unauthorized charges he had made.

COUNTS ONE THROUGH TEN
(Wire Fraud)

5. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant DANNY MIZRAHI, also known as "Dany Mizrahi" and "Beznick Shehu," together with others, did knowingly and intentionally devise a scheme and

artifice to defraud one or more individuals, and to obtain money and property from them, by means of one or more materially false and fraudulent pretenses, representations and promises.

7. For the purpose of executing such scheme and artifice, the defendant DANNY MIZRAHI, also known as "Dany Mizrahi" and "Beznick Shehu," together with others, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds as described below:

| Count | Approximate Date | Wire Communication |
|---|---|---|
| ONE | July 11, 2022 | A wire communication from a Cartier store in New York, New York, to American Express servers outside of New York |
| TWO | July 26, 2022 | An email from the Hotel to a Gmail account (the "Gmail Account"), which traveled from New York to one or more states outside of New York |
| THREE | August 7, 2022 | Emails between the Gmail Account and the Hotel, which traveled between New York and one or more states outside of New York |
| FOUR | August 8, 2022 | An email sent from the Gmail Account to the Hotel, which traveled from one or more states outside of New York to New York |
| FIVE | August 9, 2022 | An email sent from the Hotel to the Gmail Account, which traveled from New York to one or more states outside of New York |
| SIX | August 17, 2022 | An email sent from the Gmail Account to the Hotel, which traveled from one or more states outside of New York to New York |

| Count | Approximate Date | Wire Communication |
|---|---|---|
| SEVEN | August 20, 2022 | Emails between the Gmail Account and the Hotel, which traveled between New York and one or more states outside of New York |
| EIGHT | August 21, 2022 | Emails between the Gmail Account and the Hotel, which traveled between New York and one or more states outside of New York |
| NINE | August 27, 2022 | A call from New Jersey from a phone number ending in 9293 to the Hotel |
| TEN | August 27, 2022 | A call from New Jersey from a phone number ending in 6211 to the Hotel |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNT ELEVEN
(Aggravated Identity Theft)

8. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

9. In or about and between December 2021 and August 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DANNY MIZRAHI, also known as "Dany Mizrahi" and "Beznick Shehu," together with others, during and in relation to the crimes charged in Counts One through Ten, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## COUNT TWELVE
(Felon in Possession of a Firearm)

10. On or about June 15, 2023, within the District of New Jersey, the defendant DANNY MIZRAHI, also known as "Dany Mizrahi" and "Beznick Shehu," together with others, knowing that he had previously been convicted in a court of one and more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: (1) a Glock, model 19 Gen 5, 9mm caliber pistol; (2) a Bond Arms, model Bullpup 9, 9mm caliber pistol; (3) a Remington Arms, model 870, 12 gauge shotgun; and (4) a Troy Defense, model M10A1, 7.62 caliber firearm.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(8), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH TEN

11. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Ten, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, including but not limited to the following items, all of which were seized from the defendant's residence located in Edgewater, New Jersey, on or about June 15, 2023:

    (a)    Four Audemars Piguet watches;

    (b)    Six Cartier bracelets;

    (c)    Four Cartier nail bracelets;

  (d)  Five Cartier rings;

  (e)  One silver G-Shock watch;

  (f)  One signed New York Giants jersey;

  (g)  Three Girard-Perregaux watches;

  (h)  Six Rolex watches;

  (i)  Three Van Cleef and Arpels bracelets;

  (j)  Two Van Cleef and Arpels Perlée clover bracelets;

  (k)  Six Van Cleef and Arpels necklaces;

  (l)  Two Roman numeral bracelets; and

  (m)  One rose gold chain.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a)  cannot be located upon the exercise of due diligence;

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWELVE

13. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Twelve, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922, including but not limited to the following items, all of which were seized from the defendant's residence located in Edgewater, New Jersey, on or about June 15, 2023:

(a) One Glock, model 19 Gen 5, 9mm caliber pistol, bearing serial number BGPY891;

(b) One Bond Arms, model Bullpup 9, 9mm caliber pistol, bearing serial number BP001786;

(c) One Remington Arms, model 870, 12 gauge shotgun, bearing serial number CC47265F;

(d) One Troy Defense, model M10A1, 7.62 caliber firearm, bearing serial number C03160382;

(e) Five boxes of ammunition; and

(f) Three magazines loaded with ammunition.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

      (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00767

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

DANNY MIZRAHI,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(8), 924(d)(1), 981(a)(1)(C), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1343, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                                 *Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
                                                                        *Clerk*

*Bail, $* _____

*Andrew M. Roddin, Assistant U.S. Attorney (718) 254-6455*